```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF SOUTH CAROLINA
```

Mark Melton, #267078,              )    C. A. No. 2:06-1894-CMC-RSC
                                   )
            Petitioner,            )
                                   )
       -versus-                    )    **REPORT AND RECOMMENDATION**
                                   )
Colie Rushton, Warden; Henry       )
D. McMaster, Attorney              )
General,                           )
                                   )
            Respondents.           )

This habeas corpus petition under 28 U.S.C. § 2254 filed June 27, 2006, by a state prisoner proceeding *pro se* is before the undersigned United States Magistrate Judge for a report and recommendation. 28 U.S.C. § 636(b).

### PROCEDURAL HISTORY

The petitioner, Mark Melton, is currently incarcerated in the McCormick Correctional Institution of the South Carolina Department of Corrections pursuant to orders of commitment from the Clerk of Court of Spartanburg County. The petitioner proceeded to trial before the Honorable R. Markley Dennis, Jr. and a jury. On June 13, 2000, the jury found Petitioner guilty as charged of possession of a firearm, 99-GS-42-5872, burglary in the first degree, 99-GS-42-5873, assault and battery with intent to kill, 99-GS-5874, and three counts of kidnapping, 99-GS-5875, 5876, 5877. Petitioner was represented by Michael Morin, Esq.

1

Petitioner is presently serving a fifty (50) year sentence of incarceration for those crimes.

Petitioner appealed his conviction and asserted that he was entitled to a directed verdict of not guilty of kidnapping. Petitioner was represented by Alieen P. Clare, of the Office of Appellate Defense. The South Carolina Court of Appeals denied that appeal on July 11, 2001. (No. 220-UP-352). Petitioner did seek further appeal.

On September 13, 2003, Petitioner filed a post-conviction relief application (PCR) in the Spartanburg Court of Common Pleas. A hearing into the matter was conducted before the Honorable J. Michael Baxley at which the petitioner testified and called three other witnesses to testify on his behalf. Petitioner was represented by S. Frank Adams, Esq. The PCR was denied on October 1, 2003, and reconsideration pursuant to Rule 59(e) was denied on February 6, 2004. Robert Pachak of the Office of Appellate Defense represented the petitioner in his petition for a writ of certiorari, which petition was denied on June 15, 2005.

This Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 was filed on June 27, 2006, and raised ineffective assistance of counsel as the ground for habeas relief.

## **DISCUSSION**

Dispositive of this entire habeas corpus petition is the fact that the petition is untimely. Under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L. No. 104-132, 110 Stat. 1214, a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court must be filed within one year of the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

However, the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under § 2244 (d)(1). 28 U.S.C. § 2244(2).

Here, the petitioner's conviction became final ninety (90)

3

days[1] after July 11, 2001, the date his direct appeal was denied by the South Carolina Court of Appeals. Therefore, the plaintiff had one year from October 11, 2001, or until October 11, 2002, in which to timely file his federal habeas petition. Petitioner did not file his habeas petition within that one year period.

Further, since Petitioner did not file his PCR application until September 4, 2003, no properly filed PCR application was pending during the one year period which would have tolled the running of the statute under 28 U.S.C. § 2244(2). As a result, this petition comes too late.

## CONCLUSION

Accordingly, for the aforementioned reason, it is recommended that this petition be denied as untimely without service of the summons and complaint on the respondent.

Respectfully Submitted,

*/s/ Robert S. Carr*

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina

July 20, 2006

---

[1] The petitioner was entitled to seek certiorari from the United States Supreme Court and, even though he did not do so, he is given the benefit of the 90-day period in which he could have sought certiorari. Harris v. Hutchinson, 209 F.3d 325, 327-28 (4th Cir. 2000).

4

<u>Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"</u>
<u>&</u>
The **Serious Consequences** <u>of a Failure to Do So</u>

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3, 1992 U.S.Dist. LEXIS® 6243 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period, <u>but</u> <u>not</u> <u>thereafter</u>, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made and the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, *supra*, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * *
> We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins, *supra*; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

5