IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Mark Melton, #267078, | ) | C/A NO. 2:06-1894-CMC-RSC |
| | ) | |
| Petitioner, | ) | |
| | ) | **OPINION and ORDER** |
| v. | ) | |
| | ) | |
| Colie Rushton, Warden; | ) | |
| Henry D. McMaster, Attorney General, | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

This matter is before the court on Petitioner's *pro se* application for habeas corpus relief filed pursuant to 28 U.S.C. § 2254.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(c), DSC, this matter was referred to United States Magistrate Judge Robert S. Carr for pre-trial proceedings and a Report and Recommendation. On July 20, 2006, the Magistrate Judge issued a Report recommending that the petition be dismissed as untimely. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if he failed to do so. Petitioner filed objections to the Report on September 1, 2006.[1]

On September 18, 2006, this court directed that Petitioner be given an additional thirty days to submit material as to why this petition should not be dismissed as untimely.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court.

---

[1] Petitioner's objections were given to prison officials on August 25, 2006. They are, therefore, timely filed. *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (finding pleading filed at the time petitioner delivered it to the prison authorities for forwarding to the court clerk).

*See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After reviewing the record of this matter, the applicable law, the Report and Recommendation of the Magistrate Judge, and the Objections, the court agrees with the conclusions of the Magistrate Judge, but for a different reason than presented by the Magistrate Judge. Petitioner has submitted material with his Objections which shows that his Application for Post-Conviction Relief (PCR) was filed in the Spartanburg County Court of Common Pleas on September 7, 2001.[2] It appears from this material that Petitioner had a properly-filed PCR pending in the South Carolina courts from September 7, 2001, until October 1, 2003. Petitioner thereafter sought a petition for writ of certiorari from the South Carolina Supreme Court. This petition was denied no later than June 16, 2005.[3]

In the September 18, 2006, order, this court provided Petitioner with an opportunity to submit material showing why the Petition should not be dismissed as untimely because this court was inclined to dismiss the Petition as untimely for a reason *different* than that recommended by the

---

[2] His habeas corpus petition indicates that his PCR was filed September 13, 2003, which is the date upon which the Magistrate Judge based his assumption that Petitioner did not have a properly filed PCR pending at any time before the one-year period for filing this § 2254 expired.

[3] Petitioner's § 2254 petition indicates that the South Carolina Supreme Court denied his petition for writ of certiorari on June 15, 2005. He has submitted a copy of a letter from his attorney dated June 16, 2005, which informs Petitioner of the dismissal and provides him a copy of portions of 28 U.S.C. § 2254.

Magistrate Judge. On October 23, 2006, this court received material from Petitioner in response to its September 18, 2006, directive. Petitioner argues that the South Carolina Supreme Court did not issue the remittitur in this matter until July 1, 2005, and therefore this court should use this date in considering the timeliness of the current § 2254 petition. Even if this court were to consider July 1, 2005, as the date through which the statute of limitations period should be tolled, the petition would still be untimely.[4]

As noted by the Magistrate Judge, this matter is controlled by the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA"). Under the AEDPA, the limitation period for § 2254 petitions runs from the latest of:

> (d)(1)(A) the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from making a motion by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (d)(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244.

---

[4] The court believes, however, that the statute of limitations period began to run again when the South Carolina Supreme Court entered its order on June 15, 2005, not when the record was returned to the state circuit court. *See White v. Klitzkie*, 281 F.3d 920, 924 n.4 (9th Cir. 2002) (finding that it is the decision of the state appellate court, rather than the ministerial act of entry of the mandate, that signals the conclusion of review for statute of limitations purposes).

3

The Fourth Circuit has held that the AEDPA's time limit is a statute of limitation, not a jurisdictional bar, and therefore "is subject to equitable tolling, at least in principle." *Harris v. Hutchinson*, 209 F.3d 325, 329-30 (4th Cir. 2000). However, equitable tolling is "reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id*. at 330. Petitioner would be entitled to equitable tolling of the statute of limitations period if he "presents (1) extraordinary circumstances, (2) beyond [his] control or external to [his] own conduct, (3) that prevented [him] from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003). Equitable tolling is generally reserved for those instances where some wrongful conduct of the opposing party (in this case, the Respondent) prevented Petitioner from filing a petition, or extraordinary circumstances beyond Petitioner's control made it impossible to timely file the claim. *See Harris*, 209 F.3d at 330. The instant petition meets none of these requirements.

IT IS THEREFORE ORDERED that this Petition is dismissed with prejudice as untimely and without requiring Respondents to file a return.

**IT IS SO ORDERED.**

                                                s/ Cameron McGowan Currie
                                                CAMERON MCGOWAN CURRIE
                                                UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
October 23, 2006

C:\Documents and Settings\Guest\Local Settings\Temp\notesE1EF34\06-1894 Melton v. Ruston e adopt rr dism as untimely II.wpd